# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**STEPHEN STRAUSBAUGH**                                                                                 **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 1:24-cv-58-TBM-RPM**

**INTERNAL REVENUE SERVICE;**
**DEPARTMENT OF VETERANS**
**AFFAIRS;** *and* **GOVERNMENT**
**PUBLISHING OFFICE**                                                         **DEFENDANTS**

## ORDER

*Pro se* Plaintiff Stephen Strausbaugh brings this action against the Internal Revenue Service, Department of Veterans Affairs, and the Government Publishing Office seeking the restoration of sick leave he earned while employed with the Government Publishing Office. It is undisputed, however, that Strausbaugh's sick leave was restored to him in 2022—well before he filed this action. Therefore, the Court finds that the Government's Motion to Dismiss [7] is granted, Strausbaugh's Motion for Summary Judgment [11] is denied as moot, and Strausbaugh's Motion to Amend [16] is denied as futile. This case is dismissed.

## I. BACKGROUND AND PROCEDURAL HISTORY

In his Complaint, Strausbaugh asserts that he was terminated from his position with the Government Publishing Office in November of 2008. [1-1], p. 1. Upon his termination, he left "with 47 hours of sick leave on the books." *Id*. Strausbaugh claims that pursuant to "the US Office of Personal Management and Title 5 of the US code," he was "entitled to the recredit of his [] sick leave." *Id*. Despite requesting the "restoration of his sick leave in August of 2022 . . . the VA refused to forward the required paperwork to the IRS so the leave could be restored." *Id*. As a result,

Strausbaugh claims that he was "left with no other decision but to sue for the restoration of back sick leave." *Id.*

Strausbaugh filed his Complaint in Pearl River County Circuit Court on January 24, 2024. [1-1]. The Government timely removed the case to this Court on February 28, 2024, pleading jurisdiction under 28 U.S.C. § 1343. [1], p. 1. After the Court granted three extensions of time for the Government to file its responsive pleading, the Government filed the instant Motion to Dismiss [7]. Strausbaugh then moved to amend [10] his Complaint and, he also filed a Motion for Summary Judgment [11]. The Court previously denied Strausbaugh's first Motion to Amend [10]. *See* [15]. Now before the Court are the Government's Motion to Dismiss [7], Strausbaugh's Motion for Summary Judgment [11], and Strausbaugh's second Motion to Amend [16].

## II. MOTION TO DISMISS

The Government moves to dismiss Strausbaugh's Complaint on three grounds: lack of subject matter jurisdiction under Rule 12(b)(1), insufficient service of process under Rule 12(b)(5), and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). FED. R. CIV. P. 12(b)(1); 12(b)(5); 12(b)(6). Because "the court should consider [a] Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits," the Court's discussion begins there. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). "It is unnecessary" for the Court to reach the Government's Rule 12(b)(5) arguments, as Strausbaugh "has not sufficiently alleged or established . . . standing." *Ann v. Lone Star Fund IV (U.S.), L.P.*, No. 3:22-cv-01734-N-BH, 2023 WL 5727317, *11 n. 6 (N.D. Tex. Aug. 22, 2023), *report and recommendation adopted*, No. 3:22-cv-01734-N-BH, 2023 WL 5725538 (N.D. Tex. Sep. 5,

2023).[1] And, as for the Government's arguments under Rule 12(b)(6), even if this Court had jurisdiction to hear this suit, Strausbaugh does not have a private right of action to bring his claims.

### A. Subject Matter Jurisdiction

The Government moves to dismiss this case for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1), alleging the Government enjoys sovereign immunity and that Strausbaugh has failed to exhaust administrative remedies. [8], p. 6; *see* FED. R. CIV. P. 12(b)(1). The Court need not address these issues, however, because Strausbaugh lacks Article III standing. Although the Government briefed the sovereign immunity and exhaustion issues, it did not raise standing in any of its briefing. Yet, "[a] court must, where necessary, raise the question of Article III standing sua sponte." *Handshoe v. Perret*, 270 F. Supp. 3d 915, 927 (S.D. Miss. 2017) (citing *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002)). Therefore, the Court grants the Government's Motion to Dismiss. *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n. 2 (5th Cir. 2011) ("[A] dismissal for lack of constitutional standing . . . should be granted under Rule 12(b)(1).") (citing *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008)).

### 1. Standard of Review

"Article III of the United States Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Crane v. Johnson*, 738 F.3d 244, 251 (5th Cir. 2015) (citing U.S. CONST. ART. III, § 2). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,'

---

[1] "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986). *See also Ross v. Fed. Bureau of Investigation*, No. CV 21-00496-BAJ-RLB, 2022 WL 3925277, *1 (M.D. La. Aug. 30, 2022) (granting a motion to dismiss under Rule 12(b)(1) where the defendant raised both a lack of Article III standing and insufficient service of process under Rule 12(b)(5)).

(2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. Relatedly, a plaintiff "must demonstrate that he has standing to sue at the time the complaint is filed." *Pluet v. Frasier*, 355 F.3d 381, 385 (5th Cir. 2004). Thus, if a plaintiff has not suffered an injury caused by the defendant that the court can remedy, "there is no case or controversy for a federal court to resolve." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (quotation omitted).

**2. Lack of Standing**

In his Complaint [1-1], Strausbaugh seeks the restoration of his sick leave and for "the government [to] pay $200 for court costs." [1-1], p. 1.[2] But, he "does not dispute that the government has reinstated his sick leave." [9], p. 1; *see* [11], p. 1. In fact, his pay stubs from September 2022 clearly show that the sick leave was restored long before Strausbaugh commenced this litigation on January 24, 2024. [7-1], pps. 2-3. Since it is undisputed that the Internal Revenue Service—where Strausbaugh is now employed—already granted Strausbaugh the relief he seeks in this suit, there is nothing left for this Court to do by way of a favorable decision. *See Mylonakis v. M/T GEORGIOS M.*, 909 F. Supp. 2d 691, 725 (S.D. Tex. 2012) ("The specific items of relief sought must serve . . . to eliminate any effects of [the defendant's wrongful act] upon the plaintiff.") (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 106, 118 S. Ct. 1003, 140 L. Ed.2d

---

[2] Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party." FED R. CIV. P. 54(d)(1). Because Strausbaugh lacks standing and does not prevail in this action, he is not entitled to costs.

210 (1998)). In other words, Strausbaugh does not have a live "Case or Controversy" that can be redressed by this Court. *See Crane*, 738 F.3d at 251; *Lujan*, 504 U.S. at 560-61.

Strausbaugh has, in effect, already prevailed in his case. His sick leave from his prior government employment was restored, and, as evidenced by Strausbaugh's concessions of that fact, he has been aware for some time that his leave was already restored. In sum, where Strausbaugh has already attained the relief he sought when he filed his Complaint, there is nothing more for this Court to do. Thus, Strausbaugh is without Article III standing, so this Court lacks jurisdiction to hear this suit.

## B. Failure to State a Claim

Even if Strausbaugh did have standing, the Court would still dismiss the case on Rule 12(b)(6) grounds. In support of its Motion, the Government asserts that Strausbaugh has failed to allege a private right of action that would allow the Court to restore his sick leave from a prior period of government employment. [8], p. 5. The Court agrees.

### 1. Standard of Review

"The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculative level.'

*Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 570).

Although *pro se* pleadings are to be treated quite liberally, at least "some facts must be alleged that convince [the court] that the plaintiff has a colorable claim . . ." *Mills v. Crim. Dist. Court # 3*, 837 F.2d 677, 678 (5th Cir. 1988). A complaint must contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555; *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (The Court should not "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions."). And, the plaintiff "must do more than name laws that may have been violated by the defendant," but "must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 525, 528-29 (5th Cir. 2008). "The issue is not whether the plaintiff[] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim[s]." *Cook v. City of Dallas*, 683 F. App'x 315, 318 (5th Cir. 2017) (citation omitted).

   2. **No Private Right of Action**

Strausbaugh brings his claim under "Title 5 of the US code" and a federal regulation promulgated by the Office of Personnel Management ("OPM") that entitles federal employees to a recredit of their sick leave if they have a break in service but later return to work for the Federal Government. [1-1], p. 1; *see* 5 C.F.R. § 630.502(b). "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not. . . . [I]t is most certainly incorrect to say that language in a regulation can conjure

6

up a private cause of action that has not been authorized by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 291, 121 S. Ct. 1511, 149 L. Ed.2d 517 (2001). Thus, for Strausbaugh to sustain a cause of action under 5 C.F.R. § 630.502(b), Congress must have created a private right of action via statute. Indeed, Title 5 of the Code of Federal Regulations contains OPM regulations that were promulgated in accordance with Title 5 of the United States Code. *See* 5 U.S.C. § 6311 ("The Office of Personnel Management may prescribe regulations necessary for the administration of this subchapter."). And, within Title 5 of the United States Code, Section 6307 addresses the accrual and accumulation of sick leave. 5 U.S.C. § 6307.

To determine whether Section 6307 creates a private right of action, the Court "begin[s] with the familiar presumption 'that Congress did not intend to create a private right of action.'" *Louisiana Landmarks Soc., Inc. v. City of New Orleans*, 85 F.3d 1119, 1123 (5th Cir. 1996) (quoting *Resident Council of Allen Parkway Village v. HUD*, 980 F.2d 1043, 1053 (5th Cir. 1993)). Even where a plaintiff asserts an implied right of action, they "bear[] the relatively heavy burden of demonstrating that Congress affirmatively contemplated private enforcement when it passed the relevant statute." *Id.* (remaining citation omitted). Strausbaugh, however, makes no argument and provides no authority that Section 6307 creates a private right of action. Rather, he blanketly asserts that he is entitled to relief under both "Title 5" and 5 C.F.R. § 630.502(b). [1-1], p. 1. Without more, Strausbaugh fails to carry his burden showing that he has a private right of action. *See Louisiana Landmarks Soc.*, 85 F.3d at 1123. Therefore, the Court finds, in the alternative, that Strausbaugh has failed to state a claim upon which relief can be granted.

## III. MOTION FOR SUMMARY JUDGMENT

Strausbaugh moves for summary judgment under Federal Rule of Civil Procedure 56, asserting that he is entitled to judgment as a matter of law. [11], p. 1. Since the Court has granted the Government's Motion to Dismiss, Strausbaugh's Motion for Summary Judgment is moot. Indeed, it is well settled that a motion for summary judgment "is moot [ ] if the Court grants the Defendant's Motion to Dismiss" because "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *McDaniel v. Temple Indep. Sch. Dist.*, No. 621-cv-01378-ADA-JCM, 2023 WL 2467213, at *3 (W.D. Tex. Jan. 10, 2023) (citing *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (internal citation omitted)), *report and recommendation adopted sub nom. Morris v. Temple Indep. Sch. Dist.*, No. 621-cv-01378-ADA-JCM, 2023 WL 2467215 (W.D. Tex. Feb. 8, 2023), *aff'd*, No. 23-50173, 2023 WL 5919326 (5th Cir. Sept. 11, 2023).[3] Therefore, Strausbaugh's Motion for Summary Judgment is denied as moot.

## IV. MOTION TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend] when justice so requires. FED. R. CIV. P. 15(a)(2). While the language of Rule 15(a) "evinces a bias in favor of granting leave to amend," *Smith v. EMC Corp.*, 393 F.3d 590, 598 (5th Cir. 2004) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)), district courts may deny leave to amend if amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–

---

[3] *See McDaniel*, 2023 WL 2467213, at *3 (recommending the plaintiff's motion for summary judgment be denied as moot); *Moskovits v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 4:21-cv-2260, 2022 WL 3969547, at *14 (S.D. Tex. July 18, 2022) ("Given this Court's recommendation that Defendants' motion to dismiss be granted, . . . the Court recommends that Plaintiff's motions for summary judgment be denied as moot."), *report and recommendation adopted*, No. 4:21-cv-02260, 2022 WL 3998507 (S.D. Tex. Aug. 31, 2022), *aff'd sub nom. Moskovits v. Mercedes-Benz Fin. Servs. USA, L.L.C.*, No. 22-20522, 2023 WL 6972986 (5th Cir. Oct. 23, 2023); *Beary v. Centene Corp.*, No. CV 20-9-JWD-SDJ, 2021 WL 3074198, at *3 (M.D. La. Jul. 2, 2021) (granting defendant's motion to dismiss and denying as moot plaintiff's motion for summary judgment), *report and recommendation adopted*, No. CV 20-9-JWD-SDJ, 2021 WL 3057403 (M.D. La. Jul. 20, 2021).

73 (5th Cir. 2000). An amendment is considered futile if "when there is a defect the court has found in the complaint that cannot be cured by the proposed amendment and so allowing it would be a waste of judicial resources." *M.D. v. Perry*, 294 F.R.D. 7, 64 (S.D. Tex. 2013) (collecting cases).

Strausbaugh "does not dispute that the government has reinstated the sick leave," but seeks to amend his Complaint to assert that he was entitled to notice of the restoration of his leave under the Fair Labor Standards Act ("FLSA") and "OPM regulations." [9], p. 1; [16], p. 1. Indeed, he argues that such regulations "are reviewable by the US Courts." [16], p. 1. Even though Strausbaugh attempts to change course by arguing that he was entitled to notice that his leave was restored—rather than seeking the actual restoration of his leave—this argument still does not provide Strausbaugh a private right of action, nor does it cure the Complaint's jurisdictional defects.

To be sure, the addition of claims under OPM regulations or the FLSA would be futile.[4] As the Government correctly points out, "[a]n alleged violation of OPM guidelines does not create a private right of action." [17], p. 2. Federal courts "certainly were not established to operate the administrative agencies of government." *See Kuhl v. Hampton*, 451 F.2d 340, 342 (8th Cir. 1971) (holding that promotion decisions were a matter of supervisory discretion and stating in dicta that courts should not be inquiring into personnel management decisions such as sick leave).[5]

---

[4] In his Motion [16]—which is identical to his attached Proposed Amended Complaint [16-1]—Strausbaugh quotes from an OPM web page that states: "Compensation and leave claims generally are made under either title 5 of the United States Code or the Fair Labor Standards Act (FLSA)." *Claims Decisions*, OFFICE OF PERSONNEL MANAGEMENT, https://www.opm.gov/policy-data-oversight/pay-leave/claim-decisions/fair-labor-standards-act/. The information on this web page concerns claims made internally with the OPM, not those filed in federal court.

[5] *See also Johnson v. U.S. Off. of Pers. Mgmt.*, 783 F.3d 655, 665 (7th Cir. 2015) (holding that an OPM rule requiring senators and congressional staff to obtain health insurance under the Affordable Care Act did not create a private right "of equal treatment" with a senator's constituents); *Campbell v. U.S. Off. of Pers. Mgmt.*, 384 F. Supp. 2d 951, 955 (W.D. Va. 2004) (finding that OPM guidelines are not controlling and merely provide an overview of the OPM's regulations for the internal appeals process).

Accordingly, the OPM guidelines, standing alone, do not provide Strausbaugh with a right of action. *See Est. of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 200 (5th Cir. 2018) (holding that the Internal Revenue Manual—which contains internal operating procedures for the Internal Revenue Service—was "not legally binding and does not create rights in the taxpayer"); *Brown v. First Tennessee Bank Nat. Ass'n*, 753 F. Supp. 2d 1249, 1257 (N.D. Ga. 2009) (Internal guidelines found in Department of Veterans Affairs handbook "afford neither an express nor an implied right of action . . .").

Nor does the FLSA require the Government to provide notice of the restoration of sick leave. *See* 29 U.S.C. § 201 *et seq.* Rather, the FLSA establishes a federal minimum wage, maximum hours, and overtime pay; restricts child labor; and prohibits retaliation against employees who bring actions under the Act. *Id.* Section 216(b) gives employees a private right of action in their unpaid minimum wage, unpaid overtime compensation, and for unlawful retaliation against an employee who reports FLSA violations. 29 U.S.C. § 216(b). Strausbaugh's claim for notice of the restoration of his sick leave does not concern minimum wage, maximum hours, or unlawful retaliation. Amendment of his Complaint is futile because the FLSA does not entitle him to relief.

Finally, Strausbaugh was already given notice of the restoration of his leave. Two "Statement of Earnings and Leave" documents, dated September 2022, reflect that between pay periods 18 and 19 of that year, 47 hours of sick leave were applied to Strausbaugh's balance. [7-1], pps. 2-3. Monica Smallwood, a Human Resources specialist with the Internal Revenue Service— where Strausbaugh currently works—declared under penalty of perjury that she personally applied the sick leave to Strausbaugh's balance for time accrued during Strausbaugh's past employment

with the Government Publishing Office. [7-1], p. 1.[6] Therefore, since Strausbaugh seeks notice that has already been provided to him, the amendment of his Complaint would be futile.

## V. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Internal Revenue Service, Department of Veterans Affairs, and Government Publishing Office's Motion to Dismiss [7] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that Stephen Strausbaugh's Motion for Summary Judgment [11] is DENIED as MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that Stephen Strausbaugh's Motion to Amend [16] is DENIED as FUTILE.

IT IS FURTHER ORDERED AND ADJUDGED that Stephen Strausbaugh's claims against the Internal Revenue Service, Department of Veterans Affairs, and Government Publishing Office are DISMISSED WITHOUT PREJUDICE.[7]

THIS, the 18th day of March, 2025.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[6] The Statement of Earnings and Leave is precisely the kind of notice contemplated by the alleged OPM guidelines which Strausbaugh cites in his Motion: "For example, an agency form such as a leave and earning statement could be used to notify an employee of a within-grade increase." *Id.* at p. 4.

[7] "Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (quoting *Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015)).